UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

PEDRO JOSE REYES JR.,

               Plaintiff,

      -against-

EXPERIAN INFORMATION SOLUTIONS,
INC., WEIMARK CREDIT
INFORMATION SERVICES, and
MICROBILT CORPORATION,

             Defendants.

------------------------------------------------------

Case No. 1:16-CV-09061

**WEIMARK CREDIT INFORMATION
SERVICES' ANSWER AND
AFFIRMATIVE AND OTHER
DEFENSES TO PLAINTIFF'S
COMPLAINT**

Defendant WEIMARK CREDIT INFORMATION SERVICES ("Weimark"), by and

through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer to the Complaint filed by

Plaintiff Pedro Jose Reyes Jr. ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

### COMPLAINT ¶1:

Plaintiff brings this action against Defendant Experian, a national credit reporting agency, and Defendants Weimark and Microbilt, credit reporting agencies and tenant application screening network, for violating both the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*, by erroneously placing a plethora of both personal information and derogatory credit and public record information—some of which, upon information and belief, actually belonged to the Plaintiff's father, and the remainder of which belonged to a different individual and not the Plaintiff—on Plaintiff's respective consumer reports.

### ANSWER:

Weimark denies the allegations contained in Paragraph 1 of the Complaint, except admits

that Plaintiff purports to bring this action under the federal Fair Credit Reporting Act ("FCRA")

and the New York Fair Credit Reporting Act ("NY FCRA").

**COMPLAINT ¶2:**

As a direct and proximate result of Defendants' unlawful conduct, the erroneous personal information and the derogatory credit and public record information caused Plaintiff to suffer actual damages including, *but not limited to*, denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiff's search for housing, and expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

As a result of Defendants' FCRA and NY FCRA violations, Plaintiff is entitled to receive an award of actual, statutory, and punitive damages, as well as reasonable attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. §§ 1681n and 1681o, and the NY FCRA, N.Y. GBL §§ 380-l and 380-m.  Additionally, Plaintiff seeks equitable relief requiring Defendants to remove the entirety of the erroneous information from the Plaintiff's respective credit files, and to implement and maintain policies and procedures to ensure compliance with the NY FCRA and prevent similar errors from occurring in the future.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶4:**

The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

**ANSWER:**

Weimark admits the allegations contained in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).

36542962v.2

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 5 of the Complaint that this Court has "diversity jurisdiction

over the state law claims," and therefore denies same, but admits that this Court has

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

**COMPLAINT ¶6:**

Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Weimark admits the allegations contained in Paragraph 6 of the Complaint.

**PARTIES**

**COMPLAINT ¶7:**

Plaintiff is an individual adult person residing in the State of New York, Bronx County, and qualifies as a "consumer" within the meaning of both the FCRA and the NY FCRA.  See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 7 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶8:**

Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York, and qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA.  See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 8 of the Complaint, and therefore, denies the same.

36542962v.2

**COMPLAINT ¶9:**

Defendant Weimark is a New Jersey corporation, duly authorized and qualified to do business in the State of New York, and qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA.  See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

**ANSWER:**

Weimark admits the allegations contained in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Defendant MicroBilt is a Georgia corporation, duly authorized and qualified to do business in the State of New York, and qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA.  See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 10 of the Complaint, and therefore, denies the same.

**FACTUAL BACKGROUND**

**COMPLAINT ¶11:**

In or around May 2015, Plaintiff was in the process of attempting to obtain an apartment lease for himself, his girlfriend, and the couple's two young children.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 11 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶12:**

Plaintiff went as far as meeting with a broker, a Mr. Michael Black, who helped Plaintiff during his apartment hunt.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 12 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶13:**

At some point thereafter, Plaintiff became specifically interested in choosing between two different two-bedroom apartments, both located in the Bronx—one located on Cauldwell Avenue (hereinafter the "Cauldwell Ave. apartment"), and the other on Westchester Avenue (hereinafter the "Westchester Ave. apartment").

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 13 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶14:**

Plaintiff submitted applications for both the Cauldwell Ave. apartment and the Westchester Ave. apartment in or around May 2015.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 14 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶15:**

In considering Plaintiff's applications for tenancy, the owner of the apartment buildings, Sharp Management Corporation (hereinafter "Sharp Management"), obtained a tenant screening consumer report processed by Defendant Weimark.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 15 of the Complaint except

admits that Sharp Management requested and obtained a consumer report regarding Plaintiff

from Weimark on or about May 19, 2015.

**COMPLAINT ¶16:**

Per Sharp Management's application process, it requested a tenant screening consumer report on the Plaintiff, which was prepared by Defendant Weimark and dated May 19, 2015.

36542962v.2

With the request, Sharp Management provided Defendant Weimark with Plaintiff's name, date of birth, Social Security number, and current address.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 16 of the Complaint except admits that Sharp Management requested and obtained a consumer report regarding Plaintiff from Weimark on or about May 19, 2015, and that Sharp Management provided Weimark with Plaintiff's first and last name, date of birth, social security number and address in order to prepare the report.  Stating further, Weimark admits Sharp Management did not provide a suffix for Plaintiff when placing the order.

**COMPLAINT ¶17:**

Defendant Weimark prepared a consumer report on the Plaintiff, dated May 19, 2015 (hereinafter the "Weimark report").

**ANSWER:**

Weimark admits the allegations contained in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

The information contained in the Weimark report was separated according to the source of the information.  The first section of the Weimark report—under the heading "Experian Credit Profile Report" (hereinafter the "Experian Profile section") contained information taken from Defendant Experian's database.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 18 of the Complaint, except admits that the first section of the Weimark report contained the heading "EXPERIAN Credit Provfile Report" and contained information obtained by Weimark from Experian.

**COMPLAINT ¶19:**

The remainder of the Weimark report contained information provided by Defendant MicroBilt and Weimark's own independent searches, including a public records search for enhanced evictions, a "National Criminal Information Scan," and a "Former Address Consumer Tracker (FACT)" search.

6

**ANSWER:**

Weimark admits the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Taken together, Plaintiff's May 2015 Weimark report included inaccurate personal information, as well as a substantial amount of erroneous derogatory credit and public record information.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Specifically, the erroneous personal information wrongfully listed under the Experian Profile section of the Weimark report included the following: (a) an inaccurate first name (Peter); (b) two inaccurate addresses, one of which actually belonged to the Plaintiffs father; and (c) inaccurate employment information, with the two named employers actually being the employers of the Plaintiff's father.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 21 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶22:**

Notably, the inaccuracy of the above-identified employment information, at the very least, should have been readily apparent, based on the Plaintiff's age.  Plaintiff was born on May 9, 1991; the dates reported for both of the named employers listed were July 1, 1998 and September 1, 1994—dates in which Plaintiff was a child of just seven-years-old and three-years-old, respectively.  Therefore, the inaccuracies should have been glaringly obvious, as Plaintiff simply could not have been employed during either of those time periods.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 22 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶23:**

The Weimark report also included inaccurate personal information listed under the "Former Address Consumer Tracker (FACT)" section, which was created through Defendant Weimark's own independent searches, separate and apart from the personal information obtained

via Defendant Experian's database.  Specifically, the FACT section of the Weimark report included the following erroneous personal information: (a) four inaccurate years of birth (1989) and (b) two inaccurate addresses.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 23 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶24:**

As noted above, the Weimark report also contained erroneous derogatory credit and public record information.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 24 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶25:**

Specifically, the erroneous derogatory credit and public record information wrongfully listed under the Experian Profile section of the Weimark report included the following: (a) one medical collections account, in the amount of $268.00; (b) a civil judgment entered by the Bronx County Clerk on December 18, 2012, in the amount of $1,413.00; and (c) a child support enforcement obligation, opened on March 1, 1988.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 25 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶26:**

Notably, the inaccuracy of the above-identified child support enforcement obligation, at the very least, should have been readily apparent, based on the Plaintiff's date of birth, May 9, 1991.  Curiously, the child support enforcement obligation was opened on March 1, 1988—over three years before the Plaintiff was even born.  Therefore, the inaccuracy should have been glaringly obvious, as Plaintiff simply could not have had a child support enforcement obligation against him prior to his birth.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶27:**

Plaintiff has never had an outstanding medical collections account in the amount of $268.00.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶28:**

Plaintiff has never had a civil judgment—state tax lien or otherwise—filed against him in the amount of $1,413.00.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶29:**

Plaintiff has never had a child support enforcement obligation filed against him, neither in March of 1988 nor at any time thereafter.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶30:**

Finally, the "Enhanced Evictions" section of the Weimark report erroneously listed two eviction cases which were labeled "Definite Match:" (a) a civil judgment obligation filed in the Bronx Civil Court on October 25, 2006 by plaintiff "CCC LTD LIABILITY CO" against defendant Pedro Reyes of 622 E 169th St., #3C, Bronx, NY 10456; and (b) a civil judgment obligation filed in the Bronx Civil Court on October 11, 2006 by plaintiff "CCC LLC" against defendant Pedro Reyes of 622 624 E 169th St. #3C, Bronx, NY 10456.

36542962v.2

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶31:**

The inaccuracy of the above-identified enhanced eviction cases should have been readily apparent.  First, it appears that these two cases are actually duplicates of each other, comprising of only one eviction case.  Second—and most glaring—both cases were filed in October of 2006, when Plaintiff was a minor of merely fifteen-years-old; as such, he could not possibly have signed a lease nor been legally responsible for the non-payment thereof.  Therefore, the two eviction cases clearly did not belong to the Plaintiff, and should never have been included on his Weimark report.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶32:**

Plaintiff has never been a Petitioner or a Respondent in an eviction case in the Bronx Civil Court, or in any other court in the New York State Unified Court System.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶33:**

In fact, Plaintiff had never held a lease to an apartment before the Weimark report was generated.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶34:**

Finally, Plaintiff has never lived at nor been associated with either of the 169th Street addresses listed under the defendant's information of both eviction cases.

10

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶35:**

Upon information and belief, the two enhanced evictions cases that Defendant Weimark erroneously included on Plaintiff's Weimark report actually involved the Plaintiff's father and not the Plaintiff.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶36:**

Plaintiff's father has a different legal name (plaintiff is a Junior), date of birth, address, and Social Security number than the Plaintiff.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore, denies the same, except admits that, logically, Plaintiff's father would have a different date of birth and social security number than Plaintiff.

**COMPLAINT ¶37:**

Ultimately, Sharp Management rejected Plaintiff's applications for both the Cauldwell Ave. apartment and the Westchester Ave. apartment, due to the erroneous information wrongfully listed on the Weimark report.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶38:**

At some point after viewing the Weimark report, Plaintiff first became aware of the slew of inaccurate personal information and the erroneous derogatory credit and public record information listed on his Weimark and Experian credit reports, negatively and wrongfully impacting his credit score.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶39:**

Notably, neither of Plaintiff's credit reports with the other two major credit reporting agencies—Trans Union LLC and Equifax Information Services, LLC—contained the subject erroneous derogatory credit and public record information.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶40:**

Plaintiff has suffered, and continues to suffer, damages as a result of Defendants' FCRA and NY FCRA violations.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

During the time period in question, Plaintiff applied for a credit card with Capital One, N.A. ("Capital One").  On or around April 29, 2015, Plaintiff was informed that his credit card application was rejected.  Upon information and belief, Capital One based this decision on the information listed on Plaintiff's Experian consumer report.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶42:**

During the time period in question, Plaintiff was still attempting to obtain an apartment lease, despite the erroneous and derogatory information wrongfully listed on his consumer reports prepared by the Defendants.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶43:**

In or around August 2015, Plaintiff applied for an apartment with Parkchester Property ("Parkchester"), located in the Bronx, NY.  On August 31, 2015, Yardi Resident Screening—on behalf of Parkchester—obtained a copy of Plaintiff's consumer report prepared by Defendant Experian.  Ultimately, Plaintiff's apartment application was rejected.  The inaccurate derogatory information wrongfully listed on Plaintiff's Experian consumer report was, at a minimum, a substantial factor in the denial.

**ANSWER:**

Weimark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore, denies the same.

**COMPLAINT ¶44:**

Accordingly, Defendants' unlawful conduct—in violation of both the FCRA and the NY FCRA—has caused Plaintiff to suffer actual damages, including, *but not limited to*, denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiff's housing search, expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 44 of the Complaint.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FCRA**
**Against All Defendants**

**COMPLAINT ¶45:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

13

**ANSWER:**

In response to Paragraph 45 of the Complaint, Weimark restates and reasserts its responses to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

**COMPLAINT ¶46:**

Defendants Experian, Weimark and MicroBilt each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

**ANSWER:**

Weimark denies the allegations contained in Paragraph 46 of the Complaint, except admits that it prepared a consumer report regarding Plaintiff dated May 19, 2015.

**COMPLAINT ¶47:**

Such reports falsely stated that the subject inaccurate personal information and the erroneous derogatory credit and public record information belonged to the Plaintiff.  Defendants knew, or should have known, that the reports contained such erroneous information.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

Defendants Experian, Weimark and MicroBilt willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681e(b) by failing to maintain and/or follow reasonable procedures to ensure maximum possible accuracy when creating credit reports regarding the Plaintiff which contained the subject inaccurate personal information and the erroneous derogatory credit and public record information.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of the Plaintiff's dispute of the subject inaccurate personal information and the erroneous derogatory credit and public record information.

36542962v.2

**ANSWER:**

Weimark denies the allegations contained in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his dispute.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed information from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(6)(B) by failing to provide Plaintiff with sufficient written notice of the results of its reinvestigation into his dispute.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

Specifically, Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. §§ 1681i(a)(6)(B)(i)-(v) by failing to include the following in its investigation results: (i) "a statement that the reinvestigation is completed;" (ii) a consumer report as it was revised as a result of the reinvestigation; (iii) a notice that Plaintiff may request a description of the procedure used to determine the accuracy and completeness of the information in his file; (iv) "a notice that [Plaintiff] has the right to add a statement to [his] file disputing the accuracy or completeness of the information;" and (v) a notice that Plaintiff may request that Weimark furnish notifications pursuant to 15 U.S.C. § 1681i(d).

**ANSWER:**

Weimark denies the allegations contained in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

In the alternative, Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(3) by failing to notify the Plaintiff that it considered his dispute frivolous or irrelevant.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Defendants Experian, Weimark and MicroBilt each published credit reports regarding the Plaintiff on multiple occasions containing the subject inaccurate personal information and the erroneous derogatory credit and public record information, causing Plaintiff to suffer economic harm via denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiff's search for housing, expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 56 of the Complaint.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NY FCRA**
**Against All Defendants**

**COMPLAINT ¶57:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36542962v.2

**ANSWER:**

In response to Paragraph 57 of the Complaint, Weimark restates and reasserts its

responses to Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

**COMPLAINT ¶58:**

Defendants Experian, Weimark and MicroBilt each prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in N.Y. GBL §380-a(c)(1).

**ANSWER:**

Weimark denies the allegations contained in Paragraph 58 of the Complaint, except

admits that it prepared a consumer report regarding Plaintiff dated May 19, 2015.

**COMPLAINT ¶59:**

Such reports falsely stated that the subject inaccurate personal information and the erroneous derogatory credit and public record information belonged to the Plaintiff.  Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380—j(a)(3).

**ANSWER:**

Weimark denies the allegations contained in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Defendants Experian, Weimark and MicroBilt willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-j(e) by failing to maintain reasonable procedures designed to ensure maximum possible accuracy when issuing credit reports regarding the Plaintiff which contained the subject inaccurate personal information and the erroneous derogatory credit and public record information.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct a reasonable reinvestigation of the Plaintiff's dispute of the subject inaccurate personal information and the erroneous derogatory credit and public record information.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f(a) by failing to promptly complete a reasonable reinvestigation of the disputed information following receipt of Plaintiff's direct dispute thereof.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 63 of the Complaint.

**COMPLAINT ¶64:**

Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f(a) by failing to "promptly notify [Plaintiff] of the result of its investigation, its decision on the status of the information and his rights pursuant to this section."

**ANSWER:**

Weimark denies the allegations contained in Paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

In the alternative, Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f(a) by failing to notify Plaintiff that it considered his dispute frivolous or irrelevant.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

Defendant Weimark also willfully (or in the alternative, negligently) violated N.Y. GBL § 380-g by failing to notify the Plaintiff that it had reported public record information about him.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

Defendants Experian and Defendant Weimark each published credit reports regarding the Plaintiff on multiple occasions containing the subject inaccurate personal information and the erroneous derogatory credit and public record information, causing Plaintiff to suffer economic harm via denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiffs search for housing, expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-1 and 380-m.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

Plaintiff is thus further entitled to an injunction requiring Defendants Experian and Weimark to permanently remove the entirety of the subject inaccurate personal information and the erroneous derogatory credit and public record information from Plaintiff's respective credit files, and to implement policies and procedures to ensure compliance with the NY FCRA and prevent similar errors from occurring in the future.

**ANSWER:**

Weimark denies the allegations contained in Paragraph 69 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Weimark denies that Plaintiff is entitled to any of the relief sought by this Complaint.

## OBJECTION TO JURY DEMAND

Weimark objects to a trial by jury on Plaintiff's equitable claims, and all other issue as to which a jury is not permitted as of right as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Weimark asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### FIRST DEFENSE

Subject to proof through discovery, Plaintiff's claims and/or damages are barred, in whole or in part, by the statutes under which they are brought.

### SECOND DEFENSE

Weimark has/had reasonable procedures in place to assure maximum possible accuracy of the information concerning Plaintiff in any report prepared on him, had procedures in place to comply with 15 U.S.C.§1681, and otherwise made good faith efforts to comply with the Fair Credit Reporting Act.

### THIRD DEFENSE

The information distributed by Weimark was true, or, in the alternative, Weimark reasonably relied on the information reported to it.

### FOURTH DEFENSE

Plaintiff is not entitled to punitive damages because Weimark engaged in good faith efforts to comply with the Fair Credit Reporting Act and any purported violation was not willful.

### FIFTH DEFENSE

Plaintiff is not entitled to punitive damages, in that he can neither demonstrate malice, actual participation or reckless indifference by Weimark, nor can he impute liability for punitive damages to Weimark, because of its good faith efforts to comply with applicable law.

36542962v.2

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

## SEVENTH DEFENSE

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate his damages.  To the extent Plaintiff has failed to mitigate his damages, any recovery should be reduced or eliminated.

## EIGHTH DEFENSE

To the extent Plaintiff has subsequently received or accepted housing substantially equivalent to the housing he did not obtain (allegedly due to Weimark's actions), his damages should be cut off or eliminated as of the date of such offer of housing.

## NINTH DEFENSE

Any damages sustained by Plaintiff were not proximately caused by Weimark.

## TENTH DEFENSE

Plaintiff lacks Article III standing to bring some or all of the claims asserted in his Complaint.

**WHEREFORE**, Weimark respectfully requests that this Court enter judgment in its favor against Plaintiff as follows:

a.      dismissing the Complaint in its entirety on the merits;

b.      granting to Weimark the costs and expenses of this action, including attorneys' fees; and

36542962v.2

c.      awarding Weimark such other and further relief as the Court may deem just and

proper.

Dated:  New York, New York                    Respectfully submitted,
        January 20, 2017
                                              SEYFARTH SHAW LLP,


                                              By:    *s/ Courtney S. Stieber*
                                              Courtney S. Stieber
                                              620 Eighth Avenue, 32nd Fl.
                                              New York, New York  10018
                                              Telephone:  (212) 218-5500
                                              Facsimile:  (212) 218-5526
                                              cstieber@seyfarth.com

                                              Pamela Q. Devata (pro hac vice application
                                              to be filed)
                                              131 South Dearborn Street, Suite 2400
                                              Chicago, Illinois 60603
                                              Telephone: (312) 460-5000
                                              Facsimile: (312) 460-7000
                                              pdevata@seyfarth.com

                                              *Attorneys for Defendant Weimark Credit
                                              Information Services*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he electronically filed the foregoing

WEIMARK CREDIT INFORMATION SERVICES' ANSWER AND AFFIRMATIVE AND

OTHER DEFENSES TO PLAINTIFF'S COMPLAINT using the Court's CM/ECF method, and

that a copy of the foregoing was served on all counsel of record, via the Court's CM/ECF

method on this 20th day of January, 2017

<u>*s/ Courtney S. Stieber*</u>
Courtney S. Stieber

36542962v.2