UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

PEDRO JOSE REYES JR.,

                Plaintiff,                        16 CV 9061

        -against-                      CLASS ACTION
                                                    COMPLAINT

WEIMARK CREDIT INFORMATION SERVICES,
and MICROBILT CORPORATION.

                **Defendants.**

------------------------------------------------------------------------x

      The Plaintiff, PEDRO JOSE REYES JR. ("Plaintiff"), by and through his undersigned attorneys, Mallon Consumer Law Group, PLLC, brings this action against Defendant WEIMARK CREDIT INFORMATION SERVICES ("Weimark"), and Defendant MICROBILT CORPORATION ("MicroBilt") and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

    1.  Plaintiff brings this action against Defendants Weimark and Microbilt, credit reporting agencies and tenant application screening network, for violating both the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*, by erroneously placing a plethora of both personal information and derogatory credit and public record information—some of which, upon information and belief, actually belonged to the Plaintiff's father, and the remainder of which belonged to a different individual and not the Plaintiff—on Plaintiff's respective consumer reports.

    2.  As a direct and proximate result of Defendants' unlawful conduct, the erroneous personal information and the derogatory credit and public record information caused Plaintiff to suffer actual

damages including, *but not limited to*, denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiff's search for housing, and expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

3. As a result of Defendants' FCRA and NY FCRA violations, Plaintiff is entitled to receive an award of actual, statutory, and punitive damages, as well as reasonable attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. §§ 1681n and 1681o, and the NY FCRA, N.Y. GBL §§ 380-l and 380-m. Additionally, Plaintiff seeks equitable relief requiring Defendants to remove the entirety of the erroneous information from the Plaintiff's respective credit files, and to implement and maintain policies and procedures to ensure compliance with the NY FCRA and prevent similar errors from occurring in the future.

4. Additionally, Plaintiff brings this action against Microbilt for violating 15 USC § 1682c(a)(2) by placing two civil housing court records on the Plaintiff's consumer report which were both more than seven years old. Plaintiff brings this claim against Microbilt on behalf of himself and all other similarly situated.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

6. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).

7. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

8. Plaintiff is an individual adult person residing in the State of New York, Bronx County, and qualifies as a "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

9. Defendant Weimark is a New Jersey corporation, duly authorized and qualified to do business in the State of New York, and qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

10. Defendant MicroBilt is a Georgia corporation, duly authorized and qualified to do business in the State of New York, and qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

**FACTUAL BACKGROUND**

11. In or around May 2015, Plaintiff was in the process of attempting to obtain an apartment lease for himself, his girlfriend, and the couple's two young children.

12. Plaintiff went as far as meeting with a broker, a Mr. Michael Black, who helped Plaintiff during his apartment hunt.

13. At some point thereafter, Plaintiff became specifically interested in choosing between two different two-bedroom apartments, both located in the Bronx—one located on Cauldwell Avenue (hereinafter the "Cauldwell Ave. apartment"), and the other on Westchester Avenue (hereinafter the "Westchester Ave. apartment").

14. Plaintiff submitted applications for both the Cauldwell Ave. apartment and the Westchester Ave. apartment in or around May 2015.

15. In considering Plaintiff's applications for tenancy, the owner of the apartment buildings, Sharp Management Corporation (hereinafter "Sharp Management"), obtained a tenant screening consumer report processed by Defendant Weimark.

16. Per Sharp Management's application process, it requested a tenant screening consumer report on the Plaintiff, which was prepared by Defendant Weimark and dated May 19, 2015. With the request, Sharp Management provided Defendant Weimark with Plaintiff's name, date of birth, Social Security number, and current address.

17. Defendant Weimark prepared a consumer report on the Plaintiff, dated May 19, 2015 (hereinafter the "Weimark report").

18. The information contained in the Weimark report was separated according to the source of the information. The first section of the Weimark report—under the heading "Experian Credit Profile Report" (hereinafter the "Experian Profile section")—contained information taken from Defendant Experian's database.

19. The remainder of the Weimark report contained information provided by Defendant MicroBilt and Weimark's own independent searches, including a public records search for enhanced evictions, a "National Criminal Information Scan," and a "Former Address Consumer Tracker (FACT)" search.

20. Taken together, Plaintiff's May 2015 Weimark report included inaccurate personal information, as well as a substantial amount of erroneous derogatory credit and public record information.

21. Specifically, the erroneous personal information wrongfully listed under the Experian Profile section of the Weimark report included the following: (a) an inaccurate first name (Peter);

(b) two inaccurate addresses, one of which actually belonged to the Plaintiff's father; and (c) inaccurate employment information, with the two named employers actually being the employers of the Plaintiff's father.

22. Notably, the inaccuracy of the above-identified employment information, at the very least, should have been readily apparent, based on the Plaintiff's age. Plaintiff was born on May 9, 1991; the dates reported for both of the named employers listed were July 1, 1998 and September 1, 1994—dates in which Plaintiff was a child of just seven-years-old and three-years-old, respectively. Therefore, the inaccuracies should have been glaringly obvious, as Plaintiff simply could not have been employed during either of those time periods.

23. The Weimark report also included inaccurate personal information listed under the "Former Address Consumer Tracker (FACT)" section, which was created through Defendant Weimark's own independent searches, separate and apart from the personal information obtained via Defendant Experian's database. Specifically, the FACT section of the Weimark report included the following erroneous personal information: (a) four inaccurate years of birth (1989) and (b) two inaccurate addresses.

24. As noted above, the Weimark report also contained erroneous derogatory credit and public record information.

25. Specifically, the erroneous derogatory credit and public record information wrongfully listed under the Experian Profile section of the Weimark report included the following: (a) one medical collections account, in the amount of $268.00; (b) a civil judgment entered by the Bronx County Clerk on December 18, 2012, in the amount of $1,413.00; and (c) a child support enforcement obligation, opened on March 1, 1988.

26. Notably, the inaccuracy of the above-identified child support enforcement obligation, at the very least, should have been readily apparent, based on the Plaintiff's date of birth, May 9, 1991. Curiously, the child support enforcement obligation was opened on March 1, 1988—over three years before the Plaintiff was even born. Therefore, the inaccuracy should have been glaringly obvious, as Plaintiff simply could not have had a child support enforcement obligation against him prior to his birth.

27. Plaintiff has never had an outstanding medical collections account in the amount of $268.00.

28. Plaintiff has never had a civil judgment—state tax lien or otherwise—filed against him in the amount of $1,413.00.

29. Plaintiff has never had a child support enforcement obligation filed against him, neither in March of 1988 nor at any time thereafter.

30. Finally, the "Enhanced Evictions" section of the Weimark report erroneously listed two eviction cases which were labeled "Definite Match:" (a) a civil judgment obligation filed in the Bronx Civil Court on October 25, 2006 by plaintiff "CCC LTD LIABILITY CO" against defendant Pedro Reyes of 622 E 169th St., #3C, Bronx, NY 10456; and (b) a civil judgment obligation filed in the Bronx Civil Court on October 11, 2006 by plaintiff "CCC LLC" against defendant Pedro Reyes of 622 624 E 169th St. #3C, Bronx, NY 10456.

31. The inaccuracy of the above-identified enhanced eviction cases should have been readily apparent. First, it appears that these two cases are actually duplicates of each other, comprising of only one eviction case. Second—and most glaring—both cases were filed in October of 2006, when Plaintiff was a minor of merely fifteen-years-old; as such, he could not possibly have signed a lease nor been legally responsible for the non-payment thereof. Therefore, the two eviction cases

clearly did not belong to the Plaintiff, and should never have been included on his Weimark report.

32. Finally, both of the housing court records pre-dated the consumer report by more than seven years and thus were "obsolete" under the FCRA and should never have been placed on the Plaintiff's report, even if they had actually belonged to him.

33. Plaintiff has never been a Petitioner or a Respondent in an eviction case in the Bronx Civil Court, or in any other court in the New York State Unified Court System.

34. In fact, Plaintiff had never held a lease to an apartment before the Weimark report was generated.

35. Finally, Plaintiff has never lived at nor been associated with either of the 169th Street addresses listed under the defendant's information of both eviction cases.

36. Upon information and belief, the two enhanced evictions cases that Defendant Weimark erroneously included on Plaintiff's Weimark report actually involved the Plaintiff's father and not the Plaintiff.

37. Plaintiff's father has a different legal name (plaintiff is a Junior), date of birth, address, and Social Security number than the Plaintiff.

38. Ultimately, Sharp Management rejected Plaintiff's applications for both the Cauldwell Ave. apartment and the Westchester Ave. apartment, due to the erroneous information wrongfully listed on the Weimark report.

39. At some point after viewing the Weimark report, Plaintiff first became aware of the slew of inaccurate personal information and the erroneous derogatory credit and public record information listed on his Weimark and Experian credit reports, negatively and wrongfully impacting his credit score.

40. Notably, neither of Plaintiff's credit reports with the other two major credit reporting agencies—Trans Union LLC and Equifax Information Services, LLC—contained the subject erroneous derogatory credit and public record information.

41. Plaintiff has suffered, and continues to suffer, damages as a result of Defendants' FCRA and NY FCRA violations.

42. During the time period in question, Plaintiff was still attempting to obtain an apartment lease, despite the erroneous and derogatory information wrongfully listed on his consumer reports prepared by the Defendants.

43. In or around August 2015, Plaintiff applied for an apartment with Parkchester Property ("Parkchester"), located in the Bronx, NY. On August 31, 2015, Yardi Resident Screening—on behalf of Parkchester—obtained a copy of Plaintiff's consumer report prepared by Defendant Experian. Ultimately, Plaintiff's apartment application was rejected. The inaccurate derogatory information wrongfully listed on Plaintiff's Experian consumer report was, at a minimum, a substantial factor in the denial.

44. Accordingly, Defendants' unlawful conduct—in violation of both the FCRA and the NY FCRA—has caused Plaintiff to suffer actual damages, including, *but not limited to*, denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiff's housing search, expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

///

///

**CLASS ACTION ALLEGATIONS**

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

46. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All persons who were the subject of a consumer report, prepared within the two years prior to the initiation of this action by Defendant Microbilt, which included records of a civil court judgments which predated the report by more than seven years or civil court action that did not result in a judgment and where the filing of the case predated the report by more than seven years.

47. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

48. **Numerosity**. FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. Although the precise number of Class members is known only to Microbilt, the number of class members is likely to number at least in the thousands.

49. **Existence and Predominance of Common Questions of Law and Fact**. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

> a. Whether Defendant willfully violated the FCRA by reporting civil judgments and actions which predated the report by more than seven years;

50. **Typicality**. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member, which all arise from the same operative facts and are based on the same legal

theories. Microbilt reports civil court judgments and actions that were filed more than seven years prior to the date of the consumer report. Plaintiff has the same claims for statutory, actual and punitive damages that he seeks for absent class members.

51. **Adequacy**. FED. R. CIV. P. 23(a)(4). Plaintiff is an adequate representative of the Class. His interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent. He has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

52. **Predominance and Superiority**. FED. R. CIV. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Microbilt's conduct described in this Complaint stems from common and uniform practices, resulting in common violations of the FCRA. Members of the Classes do not have an interest in pursuing separate actions against Microbilt, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Microbilt's practices. Moreover, management of this action as a class action will not likely present any difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

53. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying

adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA
Against All Defendants

54. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

55. Defendants Weimark and MicroBilt each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

56. Such reports falsely stated that the subject inaccurate personal information and the erroneous derogatory credit and public record information belonged to the Plaintiff.  Defendants knew, or should have known, that the reports contained such erroneous information.

57. Defendants Weimark and MicroBilt willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681e(b) by failing to maintain and/or follow reasonable procedures to ensure maximum possible accuracy when creating credit reports regarding the Plaintiff which contained the subject inaccurate personal information and the erroneous derogatory credit and public record information.

58. Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of the Plaintiff's dispute of the subject inaccurate personal information and the erroneous derogatory credit and public record information.

59. Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his dispute.

60. Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed information from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

61. Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(6)(B) by failing to provide Plaintiff with sufficient written notice of the results of its reinvestigation into his dispute.

62. Specifically, Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. §§ 1681i(a)(6)(B)(i)-(v) by failing to include the following in its investigation results: (i) "a statement that the reinvestigation is completed;" (ii) a consumer report as it was revised as a result of the reinvestigation; (iii) a notice that Plaintiff may request a description of the procedure used to determine the accuracy and completeness of the information in his file; (iv) "a notice that [Plaintiff] has the right to add a statement to [his] file disputing the accuracy or completeness of the information;" and (v) a notice that Plaintiff may request that Weimark furnish notifications pursuant to 15 U.S.C. § 1681i(d).

63. In the alternative, Defendant Weimark willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(3) by failing to notify the Plaintiff that it considered his dispute frivolous or irrelevant.

64. Defendant Microbilt willfully violated 15 USC § 1681c(a)(2) by reporting civil actions and judgments which predated the subject consumer reports by more than seven years.

65. Defendants Weimark and MicroBilt each published credit reports regarding the Plaintiff on multiple occasions containing the subject inaccurate personal information and the erroneous derogatory credit and public record information, causing Plaintiff to suffer economic harm via denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiff's search for housing, expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

66. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
Against All Defendants

67. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

68. Defendants Weimark and MicroBilt each prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in N.Y. GBL §380-a(c)(1).

69. Such reports falsely stated that the subject inaccurate personal information and the erroneous derogatory credit and public record information belonged to the Plaintiff. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y.

GBL § 380–j(a)(3).

70. Defendants Weimark and MicroBilt willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-j(e) by failing to maintain reasonable procedures designed to ensure maximum possible accuracy when issuing credit reports regarding the Plaintiff which contained the subject inaccurate personal information and the erroneous derogatory credit and public record information.

71. Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct a reasonable reinvestigation of the Plaintiff's dispute of the subject inaccurate personal information and the erroneous derogatory credit and public record information.

72. Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

73. Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f(a) by failing to promptly complete a reasonable reinvestigation of the disputed information following receipt of Plaintiff's direct dispute thereof.

74. Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f(a) by failing to "promptly notify [Plaintiff] of the result of its investigation, its decision on the status of the information and his rights pursuant to this section."

75. In the alternative, Defendant Weimark willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f(a) by failing to notify Plaintiff that it considered his dispute frivolous or irrelevant.

76. Defendant Weimark also willfully (or in the alternative, negligently) violated N.Y. GBL § 380-g by failing to notify the Plaintiff that it had reported public record information about him.

77. Defendants Weimark and Microbilt each published credit reports regarding the Plaintiff on multiple occasions containing the subject inaccurate personal information and the erroneous derogatory credit and public record information, causing Plaintiff to suffer economic harm via denials of at least three apartment lease applications, denials of at least one credit card application, limiting his opportunities for credit, economic damages and damage to reputation, inability to obtain an apartment lease and other difficulties during Plaintiff's search for housing, expenditure of time and resources, in addition to emotional distress, annoyance, aggravation, and frustration.

78. Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

79. Plaintiff is thus further entitled to an injunction requiring Defendants Weimark and Microbilt to permanently remove the entirety of the subject inaccurate personal information and the erroneous derogatory credit and public record information from Plaintiff's respective credit files, and to implement policies and procedures to ensure compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated:  April 14, 2017
        New York, NY                     Respectfully submitted,

                                         _____
                                         Kevin C. Mallon
                                         Mallon Consumer Law Group, PLLC
                                         One Liberty Plaza, Suite 2301
                                         New York, NY  10006
                                         (646) 759-3663
                                         consumer.esq@outlook.com
                                         *Attorneys for the Plaintiff*